**Nadine WARREN, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

No. C–84–0897 SW.

United States District Court, N.D. California.

June 4, 1985.

Brent Kato, Bruce A. Feder, Legal Assistance to the Elderly, Inc., San Francisco, Cal., for plaintiff.

Joseph P. Russoniello, U.S. Atty., Patrick R.S. Bupara, Chief, Civil Div., Joann Swanson, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

SPENCER WILLIAMS, District Judge.

FACTS

This matter is before the court on defendant's motion for reconsideration of this court's January 25, 1985 order denying the parties' cross-motions for summary judgment and remanding the case.

Nadine Warren, currently age 65, was found disabled as of October 26, 1978 (Tr. 149). Plaintiff suffered from, among other diseases, diabetes mellitus, degenerative arthritis of the spine, essential hypertension and morbid obesity. (Tr. 149, 203). Her benefit payments were suspended on October 31, 1979 due to ineligibility based on her spouse's increased income. (20 C.F.R. § 416.1313 suspensions due to excess income) (Tr. 157, 184). At that time, no determination regarding plaintiff's medical condition was made nor were termination proceedings instituted.

On December 24, 1981, after her husband's income had decreased, Plaintiff filed an application for reinstatement of benefits due to a change in her financial condition. Her application was denied by the ALJ who, after conducting a "de novo" hearing, found her not to be under a disability. (Tr. 222–224). On review, the Appeals Council also denied benefits to plaintiff.

Plaintiff then instituted this action under §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision of the Secretary of Health and Human Services denying her claims for disability insurance benefits based on disability under Title II and XVI of the Social Security Act. She claimed the ALJ did not evaluate the evi-

dence under the proper legal standard. Specifically, claimant argued that the ALJ erroneously failed to afford her a presumption of continuing disability.

ANALYSIS

Applicants whose benefits have been suspended due to financial ineligibility are exempt from having to prove disability, 20 C.F.R. § 416.1321(b), and enjoy a presumption of continuing disability upon application for reinstatement. Upon initial consideration this court found plaintiff's benefits to have been suspended and remanded this action to comport with such a finding. However, the regulations provide that once an individual's benefits have been suspended for a period of 12 months, the suspension becomes a termination. 20 C.F.R. § 416.1335. Because Plaintiff's benefits were suspended on October 31, 1979, this court finds that plaintiff was terminated as of October 31, 1983.

The cases in this circuit have established that an individual terminated for medical reasons enjoys a presumption of continuing disability *upon appeal* from that termination. *Patti v. Schweiker*, 669 F.2d 582,-587 (9th Cir.1982). The *Patti* found no reason why, in that circumstance, a condition of disability once proved to exist should not be presumed to continue to exist. What the presumption does is "impose on the Secretary a burden to come forward with evidence that (claimant's) condition has changed." *Id.* The Secretary must introduce evidence that recipient's medical condition has changed before disability benefits can be terminated on the ground that a recipient is no longer disabled. *Lopez v. Heckler*, 713 F.2d 1432, 1434 (9th Cir.1983).

Plaintiff claims that the presumption of continuing disability should be extended to her. The question presented in this case is whether non-medical terminees, who have been terminated for excess income, non-residence or, as in this case, when suspension of benefits has lasted for more than one year, should be afforded the presumption of continuing disability when they later submit a new initial application for benefits. In the case of these terminees, no ruling on their medical condition is made at the time of termination because that termination results from non-medical factors.

In the absence of any statutory authority to the contrary, the court finds that a claimant who has been terminated for non-medical reasons and at some later date submits an initial application for benefits must establish that he or she satisfies all the requirements, including medical disability, of the Act. The presumption of disability which is extended to claimants who appeal their terminations should not be extended to those who re-apply months, years, or even decades after they have been terminated for non-medical reasons. There is no evidence that Congress intended that result.

Accordingly, defendant's motion for reconsideration is GRANTED. Judgment shall be entered in favor of defendant and against plaintiff.

IT IS SO ORDERED.